In the Matter of the Estate of SAMUEL SMYTH, Deceased.

Surrogate's Court, Queens County, May 9, 1935.

*Ehrich, Royall, Wheeler & Walter*, for the petitioner, David W. Smyth.

*James A. Dayton*, for the respondents, executors.

HETHERINGTON, S.   Decedent's will was admitted to probate in this court on December 26, 1933.   Letters testamentary were issued on the same day to his named executors, one of whom is his son, Samuel.   After making provision for his three nephews and a niece and the care of his parents' burial plot, testator provided in the sixth paragraph as follows: " I give and bequeath to my son, David Smyth, the sum of Five Thousand ($5,000) Dollars, and the shares of stock in Wamba Realty Co., now held by him, and which were paid for by me."   In the succeeding paragraph he disposed of his residuary estate in the following manner: " All the rest, residue and remainder of my property and estate, real and personal, and wheresoever situate, which at the time of my death shall belong to me, or be subject to my disposal by will, including all my stocks and bonds, my lots in St. Raymond's Cemetery, and also all my stock and interest in the Dromore Realty Co. and Wamba Realty Co., the premises No. 346 St. Nicholas Avenue, in the Borough of Manhattan, City of New York, and my real estate in the Isle of Pines, I give, devise and bequeath to my son, Samuel Smyth, Jr., to be his absolutely."

The ninth and final paragraph of the will provided as follows: " If any person named in this my Last Will and Testament shall, directly, or indirectly, institute or become an acting party to any proceedings to set aside, interfere with, or make null any provision of this will, or to offer any objections to the probate thereof, or shall in any manner directly, or indirectly, contest the probate thereof, then, and in that event, I revoke the provision of this my will in his, or her, or their favor, and such act or proceedings shall operate and be effective as a release on the part of such heir, next of kin, legatee or devisee to any part of my property or estate, and any provision of my will in favor of such party, I do hereby abrogate, annul and make void, and I direct and will that the person so acting, proceeding or contesting shall receive no part, or portion whatsoever of my estate either under this will, or otherwise, and the said property that would have gone to him, her or them, shall go and become a part of my residuary estate."

Petitioner, claiming to be entitled to the immediate payment and satisfaction of the legacy provided for him in the sixth paragraph, instituted this proceeding against the respondents-executors to compel payment and delivery.   Anticipating the ground of resist-

ance to be offered by the executors, petitioner also requested the court to determine that certain actions admittedly done by him, and which will be referred to later, did not result in a revocation or forfeiture of the provision so made for him. Payment is resisted by the respondents, as was anticipated, upon the sole ground that petitioner violated the conditions imposed by the testator in the ninth paragraph.

Before considering the acts of the petitioner which the respondents claim worked a forfeiture of the legacy, it may be said at the outset no claim is made that he contested or interfered with the probate of his father's will. Respondents do claim, however, that petitioner, by instituting an action in March, 1934, in the Supreme Court, Bronx county, against them, his brother individually and Dromore Realty Co., Inc., wherein, among other things, he sought a judgment appointing a receiver of the corporation, directing an accounting of moneys received by the individual defendants from proceeds of sales of corporate assets, and that a suitable dividend be declared by the corporation in favor of its stockholders, including himself, violated the provisions of the ninth paragraph. Whether the action commenced by the petitioner effected a forfeiture requires an examination of the origin and transactions of the Dromore Realty Co., Inc., and his conduct and acts with reference thereto.

It appears that as far back as 1912 decedent, although the real owner of several parcels of realty, permitted title thereto to remain in his wife. In April of that year the realty was conveyed by her to her three children, namely, the petitioner, his sister, Margaret, and his brother Samuel, Jr. In January, 1917, the Dromore Realty Co., Inc., was organized, and in March of the same year decedent's three children conveyed the realty to it. No stock appears to have been issued until 1919 when three certificates, each for twenty shares, and representing the entire authorized capital stock, were issued to decedent, petitioner, and his brother, Samuel, Jr. Upon the hearing, Samuel, Jr., testified that in the same year petitioner and he indorsed and delivered their respective certificates in blank to their father, who, at a time not disclosed, inserted his name therein as transferee. The certificates were in the possession of decedent at the time of his death, and in the absence of evidence to the contrary, may be presumed to have remained in his possession from the time of delivery to him by the petitioner and his brother. The decedent paid the carrying charges of the realty before and after the transfer to the corporation. Petitioner admitted that he had made no investment in the corporation, had taken no part in its management, and had forgotten his indorsement and delivery of the stock certificate to his father. Petitioner also admitted

that on December 4, 1933, counsel for the respondents had shown him the following memoranda in his father's handwriting:

" The Wamba Realty Company consists of eight (8) lots on the north side of Nott Ave. purchased some years ago at auction for cash by Samuel Smyth and George Just. It was a fifty-fifty proposition, each to pay half the costs and expenses and to share equally in profits or losses as they might be.

" I put my son David W. Smyth in the Wamba Co. to look after my interest only. He never put one cent in the company. My son Samuel Smyth, Jr. within the last 2 or 3 years has paid taxes on this property.                    " SAMUEL SMYTH."

" The Dromore Realty Company is somewhat like the Wamba Co. It is a holding company for me as I contributed all the finances necessary for establishment of same. No one else contributed one cent to its finances."

About three months after the exhibition of the foregoing, petitioner, alleging that he was the owner and holder of twenty shares of the capital stock of the Dromore Realty Co., Inc., and that the respondents and other defendants had committed acts detrimental to his interests, instituted an action and demanded judgment of the kind and character heretofore mentioned. The respondents-executors and other defendants interposed an answer denying all of the material allegations of the complaint, and demanded judgment of dismissal. Subsequent proceedings had therein disclosed to and satisfied the petitioner that he was not a stockholder of the corporate defendant with the result that he discontinued the action.

Testator's intention to bequeath all his stock in the Dromore Realty Co., Inc., to his son Samuel is clearly evident from the language of the seventh paragraph. It is equally clear that he intended to penalize not only a legatee who objected to or contested his will, but also one who became a party to a proceeding " to set aside, interfere with, or make null any provision " thereof. Here the forfeiture does not depend upon the outcome. The mere institution of a proceeding by the legatee is sufficient if it seeks " to set aside, interfere with, or make null " any provision of the will. Was the action instituted by the petitioner of the character which the testator sought to prevent? It is conceded that in the action commenced by the petitioner he asserted ownership of twenty shares of stock of the Dromore Realty Co., Inc. In so doing he denied his father's ownership thereof and his right to bequeath the stock to another. He sought to withhold, if not exact from the estate, property which the decedent clearly intended

should be given to his brother. His action was designed to diminish his interest under the will and constituted an attempt to defeat and interfere with its provisions. I am, therefore, of the opinion that the petitioner has breached the condition upon which his legacy was limited, and in consequence thereof the same should be paid and delivered under the seventh paragraph of decedent's will to the respondent Samuel Smyth, Jr. The application of petitioner is dismissed. Submit decree accordingly on notice.